

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**JOHN S. HO**
hoj@bsk.com
P: 646.253.2320
F: 646.253.2301

January 15, 2016

**VIA ELECTRONIC FILING**

Hon. Frederic Block
U.S. Senior District Court Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

   *Re:   Janeth Jiminez v. Concepts of Independence, Inc.*
   *Case No. 1:15-cv-05790 (FB/JO)*
   *Application for Pre-Motion Conference*

Dear Judge Block:

We represent the Defendant, Concepts of Independence, Inc. ("Concepts"), in the above-referenced matter.  We write to request a pre-motion conference.  We have not yet filed an Answer to Plaintiff's First Amended Complaint, and are prepared to file a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

   Background

In a nutshell, plaintiff was employed for approximately five weeks as a consumer directed personal assistant during the summer of 2015.  In her First Amended Complaint, plaintiff asserts that she was not paid the minimum wage and for overtime as required under federal and State law, and that her wages did not comply with other provisions of New York State law.  Plaintiff has fashioned her complaint as a "collective" action under the federal Fair Labor Standards Act (the "FLSA"), and otherwise as a class action.

Plaintiff's services were performed under the New York Consumer Directed Personal Assistance Program.  N.Y. Social Services Law § 365-f; 18 NYCRR § 505.28.  The Consumer Directed Program is available only to New York Medicaid beneficiaries who would otherwise be eligible for home care.  Individuals receiving care, called "consumers," are responsible for hiring, firing, training, scheduling and supervising their care-givers, called "consumer directed personal assistants."  Concepts is a "fiscal intermediary" in the Consumer Directed Program.  A fiscal intermediary does not

provide care and does not hire, schedule, or otherwise direct consumer directed personal assistants.  Concepts, as fiscal intermediary, has an administrative role, performing tasks that would otherwise fall upon the consumer.  Concepts handles Medicaid billing, the payment of wages, tax withholding, and like tasks.

The consumer's eligibility for the Consumer Directed Program would have been determined by the New York City Human Resources Administration or a Medicaid Long Term Managed Care Insurer, acting on behalf of the New York Medicaid program.  That eligibility determination also would include a determination of the number of hours of Consumer Directed Personal Assistance services that the consumer would receive weekly, and whether the consumer would receive "live-in" services.

### Plaintiff's FLSA Claims

Plaintiff's First and Second Causes of Action allege that she was not paid in accordance with the FLSA's minimum wage and overtime standards.  During plaintiff's employment, her work fell within the FLSA's companionship exemption, as then defined, which exempted her from the FLSA's minimum wage and overtime requirements.  *See* 29 C.F.R. § 552.6 (2014).  The U.S. Department of Labor issued revised regulations which greatly narrowed the scope of the companionship exemption, *see Home Care Assn. of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015), but the amended regulations did not become effective until October 13, 2015, well after plaintiff's employment ended.  *Bangoy v. Total Homecare Solutions, LLC*, 1:15-cv-573 (S.D. Ohio, Dec. 21, 2015).

Further, plaintiff's FLSA claims are insufficient on their face.  The Complaint states in vague, conclusory terms the number of hours plaintiff "generally" worked, without specifying the exact number of hours she worked during her five workweeks.  These claims do not meet the pleading requirements for unpaid overtime claims.  *See DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013).  The same problems befall plaintiff's minimum wage claims.  Plaintiff never states what hours she worked or the total amount of compensation she received.  These claims do not allege "facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period" as required for an FLSA minimum wage claim.  *Tackie v. Keff Enters. LLC*, 14-cv-2074, 2014 U.S. Dist. LEXIS 130148, at *6 (S.D.N.Y., Sept. 16, 2014).

### Plaintiff's State Law Claims

Plaintiff's FLSA claims are the only federal claims alleged in the Complaint.  If the FLSA claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *Klein & Co. Futures, Inc. v. Bd. of Trade of the City of New York*, 464 F.3d 255, 262 (2d Cir. 2006).  If the Court decides to exercise supplemental jurisdiction, plaintiff's state-law claims are meritless.

Plaintiff's state-law unpaid overtime claim (Fourth Cause of Action) should be dismissed because Concepts filed an election pursuant to New York Labor Law § 652(3)(b)

exempting it from New York's Minimum Wage Orders, including its overtime requirements. *See* NYS Dept. of Labor Opinion Letter, RO-09-0172 (January 19, 2010). Plaintiff's spread-of-hours pay claim (Fifth Cause of Action) fails for a similar reason. The spread-of-hours pay requirement does not apply to not-for-profit organizations like Concepts that have made the election noted above. *See* Minimum Wage Order, 12 NYCRR § 142-3.4(a).

Further, Plaintiff's state-law minimum wage, overtime, and spread-of-hours pay claims (Third, Fourth, and Fifth Causes of Action) should be dismissed because they suffer from the same vague and conclusory allegations that befall plaintiff's FLSA claims, and thus are insufficiently pled.

Plaintiff's claim of entitlement to 24 hours of pay for each 24-hour shift (Sixth Cause of Action) also must fail. "Live-in companions" are not entitled to 24 hours of pay so long as they are afforded eight hours for sleep (five uninterrupted) and three hours for meals. NYS Dept. of Labor, Counsel Opinion Letter, RO-09-00169 (Mar. 11, 2010); *see Severin v. OHR, Inc.*, 10-cv-9696, 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y., June 20, 2012); *Moreno v. Future Care Health Servs., Inc.*, 13-500569, 2015 N.Y. Misc. LEXIS 3371 (Sup. Ct., Kings County, May 14, 2015).

Plaintiff's Seventh Cause of Action, alleging a violation of the New York Home Care Worker Wage Parity Act, NY Public Health Law § 3614-c, is meritless. That law applies to entities licensed under Article 36 of the Public Health Law. As a fiscal intermediary, Concepts acts pursuant to the New York Social Services Law. In addition, there is no private right of action under the Wage Parity Act.

   d. <u>Concepts Was Not Plaintiff's Employer</u>

The Complaint should also be dismissed in its entirety because Concepts acted as fiscal intermediary, not as plaintiff's employer. Concepts did not hire plaintiff, nor set her hours. Plaintiff's claims would disrupt the entire purpose of the Consumer Directed Program, which is to allow individuals to direct and control their own care.

For all of the foregoing reasons, Concepts respectfully requests a pre-motion conference. Thank you for your consideration.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

s/John S. Ho
John S. Ho (JH-7831)

cc: Robert Abrams, Esq., (via ECF)